## 11652

### J. B. COLT CO. v. FINLEY

(126 S. E., 47)

Sales—Seller's Refusal to Istall Carbide Generator and Fixtures for Price Specified in Contract Held no Defense to Action for Price.—In seller's action for contract price of carbide generator and fixtures, sold under contract making no provision for installation, seller's refusal to install for price specified in other contract, which was not connected up with seller, was signed merely by buyer, and showed on its face that it could not be a valid contract until accepted by contractor, was no defense.

Before Wilson, J., Pickens, September, 1924. Reversed and remanded with directions.

Action by J. B. Colt Company against J. A. Finley. Judgment for defendant, and plaintiff appeals.

Plaintiff sued the defendant for the contract price of carbide generator and fixtures. The contract for the purchase of such generator and fixtures contained no provision as to installation. Defendant refused to pay the price specified in the contract, because seller would not install the generator and fixtures for the amount specified in another contract providing for installation, signed by defendant, but not by plaintiff, and not connected up with plaintiff. Such other contract, though termed "Agreement with Installing Contractor," was signed merely by defendant. The other contract is as follows:

"Agreement with Installing Contractor.

"Oct. 7-20, 19—.

"For the installation of carbide generator, fixtures and burners, I agree to pay the installer twenty-three dollars ($23.00), terms cash on completion of work, and further agree to provide carbide, to haul material and workmen from and to railroad station, board workmen, furnish platform or foundation for generator to stand on, and do trenching and refilling.

"The installer, for the above-mentioned sum, will pipe ——— for gas, leaivng ——— outlets as listed on reverse side.

"Lay 20 feet of ¾-inch pipe underground to outbuildings as specified, at ——— cents per foot.

"Install one carbide generator, carbide capacity ———, pounds, connect main gas service pipe, run galvanized vent pipe of size of vent outlet on generator to a point out of doors 12 feet above ground, cap same with a galvanized return bend, charge and start generator and leave same ready for service.

"Piping with outlets capped, to be tested with ten inches of mercury (5 pounds) and to hold for 30 minutes without loss.

"Assemble and hang fixtures, put on burners, lighters, and globes as specified on reverse of this sheet.

"I further agree that the installer shall be paid by me, *over and above contract price,* and at the regular schedule of prices charged by the installer for this character of work, for all additional outlets of piping or underground piping, furnished in excess of that stipulated in the foregoing.

"This offer shall become a contract when accepted by the installer in the space below.

"Accepted ——— 19—. · J. A. Finley, Installer, Central, S. C. R. 4.   P. O. Address, Norris, S. C.   Shipping point. · Telephone number."

*Messrs. Robinson & Mann,* for appellant, cite: *Parol evidence:* 124 S. C., 211; 126 S. C., 205; 123 S. E., 845; 120 S. C., 375; 115 S. C., 426.   *Fraud:* 50 S. C., 397; 69 S. C., 87.

*Messrs. Craig & Keith,* for respondent, cite: *Parol or extrinsic evidence:* 118 S. C., 368; Abbott's Proof of Facts (4th Ed.), 641-2; 22 C. J., Secs. 1621, 1623; 111 S. C., 37; 71 S. C., 150; 68 S. C., 106.   *Agency:* 117 S. E., 594· 97 S. C., 150; 122 S. E., 388; 2 C. J., Sec. 731.   *Directed verdict:* 13 C. J., Sec. 991; 78 S. C., 419.

January 5, 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This case is practically "on all fours" with the case of *Colt Co. v. Britt* (S. C.), 123 S. E., 845, and is controlled by the decision in that case.

The only observable difference between the two cases is that in the *Britt Case* evidence of a collateral contract for installation was excluded, while here the contract was offered in evidence by the plaintiff. The contract is not connected up with the plaintiff in any way; in fact it is not connected up with any one, as it shows upon its face that it could not be a valid contract until accepted by the contractor who was to undertake the installation. The motion of the plaintiff for a directed verdict should have been granted.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for the purpose of entering judgment in favor of the plaintiff under Rule 27.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.